FILED
SUPERIOR COURT
OF GUAM

2021 APR 29 AM 9: 37

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CM0041-20 |
| | GPD Report No.: 20-1403 |
| vs. | |
| | DECISION AND ORDER DENYING |
| PAN SA KIM, aka MIKE KIM, | DEFENDANT'S MOTION TO COMPEL |
| DOB: 01/02/1979 | INTERNAL AFFAIRS REPORTS |
| | |
| Defendant. | |

## **INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon on Defendant Pan Sa Kim's ("Defendant") Motion to Compel Discovery filed on January 22, 2021 (the "Motion"). Attorney Clyde Lemons of Lujan & Wolff LLP represents Defendant, and Assistant Attorney General Christine Santos Tenorio represents the People of Guam ("the People"). Oral argument on the motion was held on March 23, 2021, following which the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam. The Court's review of this issue is limited to Item No. 33 of Defendant's Motion compelling the People to provide: "[A]ny evidence of perjurious conduct, or like dishonesty material to the credibility of any officer the prosecution intends to call at trial that has resulted in a sustained decision by the

*People of Guam v. Kim, Criminal Case No. CM0041-20*
*Decision and Order Denying Def's Mot. to Compel IA Reports*
*Page 1 of 7*

Internal Affairs division of the officer's agency." *Mem.* at p. 8, 9. Having considered the arguments set forth in the pleadings, during the motion hearing, and the applicable law, the Court now issues the following Decision and Order **DENYING** Defendant's Motion to Compel Discovery of Internal Affairs records.

## BACKGROUND

On or about January 14, 2020, Officers of the Guam Police Department ("GPD") responded to a walk-in criminal sexual conduct complaint at the Hagatna Precinct Command when they met with C.C. (DOB 03/06/1992) ("Victim"). People's Decl. (Jan. 23, 2020). Victim explained that Defendant had assisted her with a criminal complaint reported to Airport Police on January 6, 2020, where he had given her his phone charger. *Id.* Later that afternoon, Defendant sent a text message to Victim asking if he could pick up his charger. Defendant, then proceeded to Victim's Dededo residence in his personal vehicle after his work shift. *Id.* When Defendant arrived, he knocked on the door; however instead of waiting at the door while Victim retrieved the charger, Defendant walked through the front door and into Victim's bedroom. *Id.* Defendant told Victim he wished they met under "better circumstances" then reached over Victim's shoulder and touched her left breast. *Id.* Victim then told Defendant to leave. *Id.* Detectives confirmed that Defendant completed his work shift at around 9:00 a.m. on January 6, 2020, and supervisors confirmed that it is not common practice to complete a follow-up investigation while off-duty. *Id.*

On January 23, 2020, Defendant was charged with Forth Degree Criminal Sexual Conduct (As a Misdemeanor), and Official Misconduct (As a Misdemeanor). Mag. Compl. (Jan. 23, 2020).

*People of Guam v. Kim, Criminal Case No. CM0041-20*
*Decision and Order Denying Def's Mot. to Compel IA Reports*
*Page 2 of 7*

On January 22, 2021, Defendant filed his Motion to Compel Discovery enumerating various items to be turned over from the People. The People filed their Response on March 22, 2021, addressing each of Defendant's enumerated requests. The motion hearing was held on March 23, 2021, where Defendant brought special attention to paragraph 33 of his Motion to Compel, his request for any Internal Affairs reports regarding the conduct of any officers the prosecution intended to call at trial. Hrg. Min. at 10:21:19 AM (March 23, 2021). The other requests in Defendant's Motion to Compel Discovery were all addressed in the People's Response to the Motion and had been resolved to the satisfaction of the Parties and to the Court. *Id.* at 10:31:00 AM. The Court then took the remaining request, as it pertains to the Internal Affairs reports, under advisement. *Id.* at 10:28:01 AM.

## DISCUSSION

**A. Defendant fails to demonstrate the materiality of the requested Internal Affair ("IA") reports as it relates to the preparation of his defense.**

Defendant requests this Court to compel the prosecution to turn over "any evidence of perjurious conduct, or like dishonesty material to the credibility of any officer the prosecution intends to call at trial that has resulted in a sustained decision by the Internal Affairs division of the officer's agency." Mot. to Compel at p. 8 (Jan. 22, 2021). Defendant further asserts that if the prosecution is uncertain about whether the IA's findings should be provided to defense, then the material should be submitted to the trial court, in camera to make the determination of materiality. *Id.* Citing to the Guam Supreme Court's holding in *People v. Mateo*, 2017 Guam 22 Dec. 28, 2017), the People assert that Defendant's broad request for discovery does not automatically make the information material and the Defendant has failed to establish such

*People of Guam v. Kim, Criminal Case No. CM0041-20*
*Decision and Order Denying Def's Mot. to Compel IA Reports*
*Page 3 of 7*

materiality, thereby justifying denial of the motion. Resp. at p. 5, 6 (March 22, 2021). The Court agrees with the People in this instance.

Title 8 of the Guam Code Annotated Section 70.10 regulates the discovery process in criminal proceedings and provides, in relevant part:

a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become knowing to the prosecuting attorney:
***
7) Any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

8 GCA § 70.10(a)(7). In addition to the enumerated discoverable items listed in 8 GCA § 70.10, "upon noticed motion by the defendant and a showing of materiality to the preparation of his defense and that the request is reasonable, the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10" under 8 GCA § 70.15(a). A threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically or following a motion by the defendant. *People v. Mateo*, 2017 Guam 22 ¶ 15. "Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection...." *Id.* ¶ 15. "Although this standard is not difficult to meet, this general limitation must be considered prior to disclosure." *People v. Tuncap*, 1998 Guam 13 ¶ 18.

"Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is probability sufficient to undermine the confidence in the outcome."

*People of Guam v. Kim, Criminal Case No. CM0041-20*
*Decision and Order Denying Def's Mot. to Compel IA Reports*
*Page 4 of 7*

*People v. Fisher*, 2001 Guam 2 ¶ 13 (quoting *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)). Although the Court in *Mateo* addressed the request to turn over personnel records of the arresting officers, the Supreme Court indicated that in pursuing this request, the Defendant in *Mateo* "fail[ed] to identify what would be in any existing internal affairs report or present evidence in the record to establish the more basic fact of whether any interal affairs complaint was ever actually filed against either officer. Thus, no record evidence exists to determine whether any internal affairs complaint would have been material to Maeo's defense, a requirement under *Brady v. Maryland*, [citation omitted]." *Mateo*, 2017 Guam 22 n. 2.

Similarly, Defendant has the burden to show beyond mere speculation that the IA documents will contain material evidence. Defendant has not even established the threshold question of the existence of any such IA records. Absent from Defendant's request is a showing that the IA reports present a reasonable probability to produce a different outcome for the proceedings. Defendant is speculating that "if" any GPD officers are the subject of an IA complaint, then those reports should be turned over in camera to determine its materiality. Defendant has not satisfied the procedural requirements under *Mateo*.

Compare the instant case to this Court's ruling in CM0622-11, *People of Guam v. Jay Julian Phillip*, granting the defendant's request for IA reports because in that case the defendant was able to demonstrate the reports' materiality to his defense. *See* Decision and Order in CM0622-11 (Aug. 28, 2020). In *Phillip*, the defendant there sufficiently articulated that one of the officer witnesses had been the subject of several complaints of excessive force which may have then been the subject of an IA report. *Id.*[1] In contrast, Defendant here has not

---

[1] In *Phillip*, this Court found that "Although Defendant does not allege specifically that such IA complaints exist, he point to recorded testimony of Officer Aguon in Criminal Case No. CF0355-14, whereby he "testified that in the

*People of Guam v. Kim, Criminal Case No. CM0041-20*
*Decision and Order Denying Def's Mot. to Compel IA Reports*
*Page 5 of 7*

sufficiently alleged any basis for his request of the IA reports; he has simply asked for any IA reports that may exist. There is no reasonable basis here for the Court to grant the Motion.

**B. The Court need not address the People's argument that IA records are not within its control.**

Having ruled that Defendant failed to establish the materiality of any IA records as well as the existence of any such investigations, the Court need not rule upon the issue of whether such records are within the People's control. See Response at p. 5. Should Defendant establish materiality of any IA records, the Court will address this matter as appropriate.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion to Compel Discovery for Item No. 33 as to his request for "[A]ny evidence of perjurious conduct, or like dishonesty material to the credibility of any officer the prosecution intends to call at trial that has resulted in a sustained decision by the Internal Affairs division of the officer's agency." As the parties have represented to the Court that the Prosecution has complied with all other requests in Defendant's Motion to Compel, the motion is moot to such extent.

SO ORDERED, this _19th_ day of _April_ 2021.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

---

past, he had been subject of at least one excessive force complaint which, according to his testimony, was investigated and found to be unsustained. [sic]. * * * This is not the situation where a Defendant asserts a blanket discovery request for internal affairs investigations or complaints without any reasonable basis for such request." *Id.* at 6.

*People of Guam v. Kim, Criminal Case No. CM0041-20*
*Decision and Order Denying Def's Mot. to Compel IA Reports*
*Page 6 of 7*